723 P.2d 105

**STATE of Arizona, Appellee,**

v.

**Bruce Dale GERMAIN, Appellant.**

**No. 1 CA–CR 9547.**

Court of Appeals of Arizona,
Division 1, Department D.

July 15, 1986.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Brambl & Brambl by Ronald M. Brambl, Jr., Prescott, for appellant.

## OPINION

BROOKS, Presiding Judge.

This is an appeal from the sentences imposed on two counts of reckless manslaughter, a class three felony, committed in violation of A.R.S. § 13–1103[1]. We affirm.

Appellant (defendant) was indicted on two counts of reckless manslaughter as a result of an automobile accident in which he crossed the center line of a highway and collided head-on with an approaching motorcycle. Both of the motorcycle's riders

---

1. The statute reads in pertinent part:
    § 13–1103. Manslaughter; classification
    A. A person commits manslaughter by:
      1. Recklessly causing the death of another person;

\* \* \* \* \* \*
    B. Manslaughter is a class 3 felony.

were killed, and one of the passengers in defendant's pick-up truck was seriously injured. Defendant's blood-alcohol level was measured at .12 shortly after the accident.

Defendant entered into a plea agreement whereby he pled no contest to both counts of reckless manslaughter. Under the agreement, defendant's sentences were to run concurrently. The trial court subsequently sentenced the defendant to an aggravated term of ten years imprisonment on each count with the sentences to run concurrently. Defendant appeals from the sentences arguing that the trial court erred in:

1. imposing aggravated sentences when no specific findings of aggravating factors were made as required by A.R.S. § 13–702(C);

2. finding that defendant's age, intoxication, anger, and remorsefulness were not mitigating factors;

3. finding that defendant's reckless conduct and infliction of serious injury and death were aggravating factors since these are the very elements of the crime of reckless manslaughter; and

4. imposing an excessive sentence.

■ We first disagree with defendant's assertion that the trial court failed to make specific findings of aggravating factors as required by A.R.S. § 13–702(C). To the contrary, the trial court specifically noted that the defendant: 1) had a high blood alcohol content shortly after the accident; 2) had been driving recklessly for several miles prior to the collision; 3) was driving on the wrong side of the road; 4) was speeding between 65 and 90 miles per hour; 5) inflicted serious injury and death on others; 6) lied to the police at the scene of the accident; 7) was on probation at the time of the accident for criminal damage to property; and 8) had inflicted severe emotional and financial harm on the victims' families. We find that the dictates of § 13–702(C) were clearly complied with.

■ Nor do we find that the trial court erred in concluding that the defendant's age, intoxication, anger, and alleged remorsefulness were not mitigating factors.

The trial court specifically addressed the fact that defendant was only 21 years old, but found that his age was not a mitigating factor since he was old enough to understand his responsibilities under the law when operating a motor vehicle. Age is a mitigating factor only if the defendant lacks substantial judgment due to his immaturity or senility. *State v. De La Garza,* 138 Ariz. 408, 675 P.2d 295 (App.1983).

■ We further find that defendant's voluntary intoxication would not be a mitigating factor in this case because the underlying crime is reckless manslaughter. A.R.S. § 13–105(5)(c), which defines the term "recklessly", provides that "[a] person who creates [a substantial and unjustifiable] risk but is unaware of such risk solely by reason of voluntary intoxication also acts recklessly with respect to such risk." A defendant's voluntary intoxication does not negate his recklessness. *State v. Watkins,* 126 Ariz. 293, 614 P.2d 835 (1980). The trial court did not, therefore, abuse its discretion in refusing to consider defendant's intoxication as a mitigating factor.

■ Defendant next argues that his anger at the time of the accident, as a result of a verbal altercation with his best friend, and his remorsefulness after the accident were mitigating circumstances that should have been considered by the trial court. We disagree. Defendant's alleged anger did not appear to have been of such a degree that he was unable to control his conduct or appreciate the wrongfulness of his actions. As to defendant's expressed remorsefulness, it is within the trial court's province to determine the sincerity of such assertions. Because the trial court has the unique opportunity to personally observe the demeanor of the defendant, we will not disturb its decisions on such matters on appeal. *See State v. Herrera,* 121 Ariz. 12, 588 P.2d 305 (1978); *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Davis,* 108 Ariz. 490, 502 P.2d 527 (1972).

Defendant next contends that the trial court should not have used his reckless

conduct or infliction of serious injury and death as aggravating factors because these are the very elements of the crime of reckless manslaughter. Defendant argues that the rule announced in *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), allowing an element of a crime to be used as an aggravating factor under A.R.S. § 13–702(D), is not applicable here. He notes that *Bly* involved the use of a deadly weapon in committing armed robbery and that our supreme court permitted the use of the deadly weapon to be used as an aggravating factor only because it found a *specific* legislative intent to impose a more severe punishment for the use of such weapons under A.R.S. § 13–702(D)(2).[2] Defendant notes that there is no similar legislative intent in the statute to provide enhanced punishment for reckless conduct.

We find defendant's basic argument persuasive. It is clear that *Bly* permitted the use of a deadly weapon to be used as an aggravating factor, despite the fact that it is a necessary element of the crime of armed robbery, *only* because of the legislative mandate in A.R.S. § 13–702(D)(2). This same rationale has been adopted in later cases relying on *Bly* for the rule that an element of a crime may also be used as an aggravating factor. *See* e.g. *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1981). We adopted the same rationale, without comment, in *State v. Kerr*, 142 Ariz. 426, 690 P.2d 145 (App.1984), where we held that the threatened use of a deadly weapon could be used as an aggravating factor for the crime of aggravated assault. Further, in *State v. Meador*, 132 Ariz. 343, 645 P.2d 1257 (App.1982), and *State v. Just*, 138 Ariz. 534, 675 P.2d 1353 (App.1983), we extended *Bly* to second degree murder convictions, holding that the infliction of serious bodily injury or death can be used as an aggravating factor, even though it is a

necessary element of the crime, because our legislature has specifically mandated that infliction of serious injury or death is an aggravating factor under A.R.S. § 13–702(D)(1).

■ However, there is no provision under § 13–702(D) that specifically makes recklessness an aggravating factor. Thus, the rationale behind the rule in *Bly*, does not apply where the defendant's recklessness is at issue. We therefore agree with the defendant that reckless conduct which is merely sufficient to constitute an element of reckless manslaughter under § 13–1103(A)(1), may not be used as an aggravating factor at sentencing. Were the courts of this state permitted to enhance punishment, in the absence of any legislative intent, by using the very elements of the crime as aggravating factors, the carefully structured statutory scheme providing for presumptive sentences would be undermined.

■ However, this does not end our inquiry. Unlike such factors as the use of a deadly weapon or infliction of serious injury or death, which provide the trial court with objective issues of fact—i.e., either a deadly weapon was used or it was not—matters involving such factors as the defendant's recklessness present the court with subjective questions as to the *degree* of the defendant's wrongful conduct. We believe that the trial court has the authority to consider such questions. Where the degree of the defendant's misconduct rises to a level beyond that which is merely necessary to establish an element of the underlying crime, the trial court may consider such conduct as an aggravating factor under the broad language of § 13–702(D)(13).[3]

■ In the case at hand, the trial court evidently found that defendant's recklessness was extreme in nature in that he:

---

2. A.R.S. § 13–702(D)(2) states in pertinent part:
    D. For the purpose of determining the sentence ... the court shall consider the following aggravating circumstances.
        2. Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime.

3. A.R.S. § 13–702(D)(13) reads in pertinent part:
    D. For the purpose of determining the sentence ... the court shall consider the following aggravating circumstances:
        *    *    *    *    *    *

drove in a reckless manner for a number of miles on the highway; was under the influence of alcohol; ran another vehicle off the road; drove on the wrong side of the road across the center line; and, according to one witness, was playing a game of "chicken." These facts clearly establish that defendant's conduct was reckless to a degree greater than what was necessary to establish an element of the crime of reckless manslaughter. The trial court therefore acted well within its discretion when it considered this conduct as an aggravating factor under § 13–702(D)(13).

In any event, we can find no prejudice to the defendant in the trial court's imposition of aggravated sentences since the trial court was clearly correct when it found that defendant's infliction of serious injury and death was an aggravating factor. Under the rule announced in *Bly, supra,* the trial court is directed to consider such a factor as aggravating under § 13–702(D)(1) even though it is an element of the underlying crime. *See also State v. Just, supra; State v. Meador, supra.* Even where a trial court has improperly considered a given factor as aggravating, a reversal is not warranted where other aggravating factors are upheld on appeal. *State v. Gillies,* 142 Ariz. 564, 691 P.2d 655 (1984).

Finally, defendant contends that his sentences are excessive. We disagree. The sentences imposed by the trial court are within the statutory limits. Moreover, in handing down defendant's sentences, the trial court specifically stated that it had considered the following: the presentence report; an accident reconstruction report; the Prescott Valley traffic accident reports; a taped interview of the defendant; the defendant's written statement; both parties' sentencing memoranda and statements of witnesses and interested parties. The trial court also clearly balanced the mitigating and aggravating circumstances of the case. We therefore find no abuse of

13. *Any other factors which the court may deem appropriate to the ends of justice.* (Emphasis added.)

\* The Honorable James Moeller, Maricopa County Superior Court Judge, was authorized to partic-

discretion. *State v. Cameron,* 146 Ariz. 210, 704 P.2d 1355 (App.1985); *State v. Henderson,* 133 Ariz. 259, 650 P.2d 1241 (App.1982).

Affirmed.

MEYERSON and MOELLER,\* JJ., concur.

ipate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.