819 P.2d 987

**The STATE of Arizona, Appellee,**

v.

**Donald Andonio RITACCA, Appellant.**

**No. 2 CA–CR 90–0433.**

Court of Appeals of Arizona, Division 2, Department B.

April 25, 1991.

Redesignated as Opinion May 30, 1991.

Review Denied Nov. 5, 1991.

---

* A Judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Court of Appeals, Division Two, pursuant to

Arizona Supreme Court Order filed July 25, 1990.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Diane M. Ramsey, Phoenix, for appellee.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

Appellant was convicted by a jury of one count of illegally conducting an enterprise, A.R.S. § 13–2312, and nine counts of fraudulent schemes and artifices, A.R.S. § 13–2310. He was sentenced to concurrent aggravated terms of 20 years on the illegal enterprise count and 28 years each on the fraudulent schemes counts.

The evidence shows that appellant ran a pyramid or Ponzi scheme. He solicited funds from investors by holding himself out as an experienced, successful commodities trader. In exchange for the investment he gave the victims promissory notes. Appellant claimed to live in a very fashionable part of town and stated, among other things, that his mother owned a casino in Las Vegas. What he did not tell his investors was that he lived in a modest apartment and was on probation for mail fraud and other federal crimes. The investors testified that they would not have given appellant any of their money if they had known of his prior felony record.

In connection with his fraudulent scheme, appellant incorporated a company called P3H2D. The lawyer who drew up the articles of incorporation sent a letter to appellant warning him that the documents that he was using would be considered securities and if used on a large scale securities regulations would be violated. Appellant threw the warning in the wastebasket. There was expert testimony at trial that these documents were in fact unregistered securities.

Most of the investors/victims lost everything that they gave appellant and in all, appellant bilked them out of approximately $431,000.

■ Appellant's claim that he was denied equal protection because the state should have charged him under a securities regulation statute, rather than under the harsher frauds statute, is without merit. *See United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *State v. Romero,* 130 Ariz. 142, 634 P.2d 954 (1981).

■ We do not agree with appellant's contention that the trial court committed error in allowing the state to introduce in evidence, in its case in chief, appellant's prior felony convictions. A.R.S. § 13–2310 states that a person can commit a fraudulent scheme or artifice by material omissions. Failing to mention to the investors that he had prior felony convictions and at the same time regaling the victims with stories of his background was a material omission because the investors ·testified that they would not have given him the money if they had known of his prior criminal record. While not admissible to prove character, the evidence of the other crimes was admissible to prove an element of the

crime, to-wit, a material omission. *See* Ariz.R.Evid. Rule 404(b), 17A A.R.S.

Appellant claims he was entitled to a mistrial when one witness mentioned the Internal Revenue Service during direct examination by the prosecutor. The prosecutor asked the witness whether appellant had ever told him he had been convicted of a felony and the witness answered that appellant told him that he "had problems with the IRS." We do not believe the trial court erred in failing to grant a mistrial because the witness's answer did not necessarily imply prior criminal conduct. *See State v. Watkins,* 133 Ariz. 1, 648 P.2d 116 (1982).

Appellant claims he was entitled to a directed verdict on the ground that the state failed to show that the demand notes and agreements in this case constituted securities. In reviewing the trial court's denial of a motion for judgment of acquittal we view the evidence in the light most favorable to sustaining the verdict. *State v. Guerra,* 161 Ariz. 289, 778 P.2d 1185 (1989). Ariz.R.Crim.P. 20(a), 17 A.R.S., requires the court to grant the defendant's motion for acquittal if there is no substantial evidence to warrant a conviction. Substantial evidence is evidence that reasonable persons could accept as adequate to support a conclusion of the defendant's guilt beyond a reasonable doubt. *State v. Hunter,* 136 Ariz. 45, 664 P.2d 195 (1983). A trial court may not grant a motion for judgment of acquittal where reasonable minds could differ on the inferences to be drawn from the evidence presented. *State v. Cantua–Ramirez,* 149 Ariz. 377, 718 P.2d 1030 (App.1986). The state presented expert testimony from the former director of regulations for the Securities Division of the Arizona Corporation Commission who testified that appellant was an unregistered dealer in unregistered securities. In addition, there was testimony from an attorney who did legal work for P3H2D. His firm sent a letter to the company warning that the agreements being utilized would be considered securities and a large scale use of such documents would be considered a violation of securities law. There was substantial evidence on this point to go to the jury.

Appellant contends the trial court erred when it admitted evidence concerning the two investors/victims who were named in the counts that were dismissed before trial. We do not agree. Both of the people were also named in count one, the undismissed count concerning the illegal enterprise.

Appellant claims error in the admission of bank records which he says were improperly authenticated. We do not agree. The duplicates of the bank records were properly admitted under the business record exception to the hearsay rule, Ariz.R.Evid. 803(6), 17A A.R.S., and Rule 1003, there being no question raised as to the authenticity of the original or any showing that it would be unfair to admit the duplicate in lieu of the original.

Appellant's claim that his sentences are excessive is without merit. The trial court characterized appellant's history as a "lifetime of flimflam, scam and swindle." Appellant was on probation when he bilked the victims out of money that they could not afford to lose. As a second argument on the sentencing issue, appellant contends that his prior convictions could not be used to enhance as well as to aggravate his sentences. His reliance on *State v. Perez Lara,* 69 Ariz.Adv.Rep. 101 (App. September 20, 1990) is misplaced. *Lara* involved the use of an element of the offense as an aggravating circumstance. Double jeopardy or double punishment principles do not preclude the trial court from using prior convictions to impose an enhanced sentence under the recidivist statute, A.R.S. § 13–604, and to find aggravating circumstances under A.R.S. § 13–702. *State v. LeMaster,* 137 Ariz. 159, 669 P.2d 592 (App.1983).

Affirmed.

FERNANDEZ, C.J., and HATHAWAY, J., concur.