956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Leonard SEARS, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 91-15913.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided March 4, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Sears appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.
 
 BACKGROUND
 
 3
 On August 24, 1985, Sears fought with his wife and struck her. That evening, Mrs. Sears's brother took her to the hospital, where she was treated for a broken rib, swelling about the face, loosened teeth, and tenderness behind the right ear. Early the next morning, Mrs. Sears's brother found her lying comatose on the floor in his home, and took her back to the hospital. Surgeons operated to relieve a subdural hematoma, but Mrs. Sears died several hours later without regaining consciousness.
 
 
 4
 Sears was charged with second degree murder and aggravated assault. In connection with the assault charge, the state filed an "Allegation of the Dangerous Nature of Offense Charged." Prior to trial, Sears pled guilty to the aggravated assault charge in exchange for dismissal of the second degree murder charge. When Sears entered his guilty plea, the court asked him whether the written plea agreement was "a full statement of the deal ... made with the County Attorney's office" and whether there was "any agreement that you think you have reached that has not been reduced to writing." Sears answered "yes" to the first question and "no" to the second.
 
 
 5
 The state requested that in sentencing Sears, the court consider the seriousness of the injuries inflicted--namely, the subdural hematoma. The prosecutor stated:
 
 
 6
 I want to make it clear I'm not asking the Court to consider the issue of cause of death. However, I do wish the Court, if it please, to consider the issue of the seriousness of the injuries.... I believe they do go beyond the fracture and some of the others mentioned. I think it is established that the beating is connected to a subdural hematoma. That, by itself, is a significant injury.
 
 
 7
 The court accepted Sears's guilty plea and sentenced him to eleven years in prison.
 
 
 8
 Sears subsequently petitioned the state court for post-conviction relief. He alleged that his plea was not entered voluntarily and intelligently and that the prosecutor violated the plea agreement by stating during the sentencing portion of the hearing that Sears had murdered his wife. Sears further alleged that he received ineffective assistance of counsel, because his lawyer failed to advise him of all possible exculpatory evidence, failed to withdraw his guilty plea at his request, negligently advised him that the state would not raise his wife's death at sentencing, and failed to advise him regarding the consequences of pleading guilty to the "dangerous nature" element of the aggravated assault charge. Finally, on appeal from the superior court's denial of his petition, Sears argued that consideration of the seriousness of the injuries inflicted both as an element of aggravated assault and as an aggravating factor in sentencing violated the double jeopardy clause. The Arizona Court of Appeals also denied Sears's petition for post-conviction relief, and the Arizona Supreme Court affirmed.
 
 
 9
 On December 8, 1988, Sears petitioned the United States District Court for the District of Arizona for a writ of habeas corpus. That court denied Sears's petition on April 16, 1991, and this timely appeal followed.
 
 DISCUSSION
 
 10
 A guilty plea is only valid if it was a voluntary and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970) (footnote omitted). Sears argues that his plea was neither voluntary nor intelligent because he was not aware that one of the doctors who examined Mrs. Sears had expressed his opinion that her subdural hematoma was caused by hypertension. In the state court post-conviction proceeding, Sears's lawyer, Baran, testified that he showed Sears all of the medical reports, that Sears read the reports in his presence, and that he explained the reports to Sears. After considering the testimony offered by Sears and Baran, the state court found that Sears had in fact inspected the doctor's report before entering his plea. The state court's findings are fairly supported by the record. Accordingly, we must treat those findings as correct. Sumner v. Mata, 449 U.S. 539, 550 (1981). Given that Sears examined all of the medical reports and that counsel explained those reports to Sears, Sears's claim that his plea was not entered voluntarily and intelligently fails.
 
 
 11
 With respect to Sears's claim that the state violated the plea agreement by raising his wife's death during the sentencing portion of the hearing, we must look to what Sears reasonably understood to be the terms of that agreement when he signed it. United States v. Quan, 789 F.2d 711, 713 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986). Sears alleges that he signed the agreement with the understanding that the state would not mention the cause of his wife's death at his sentencing for aggravated assault. However, the written plea agreement contained no provision prohibiting the state from raising the issue of Mrs. Sears's death at Sears's sentencing. Moreover, the agreement included the following provision:
 
 
 12
 That this written plea agreement contains all the terms and conditions of this plea agreement; and the defendant understands that any promises made by anyone, including his lawyer, that are not contained within this written plea agreement, are without force and effect, and are null and void. Any prediction or promise as to what the possible sentence will be is understood to be voided by this agreement.
 
 
 13
 At the sentencing hearing, Sears repeatedly answered "no" when the judge inquired whether he felt the written agreement omitted any terms or conditions agreed to by the prosecutor. In light of the foregoing, the district court found that the plea agreement contained no promise, express or implied, that the state would not raise the cause of Mrs. Sears's death at Sears's sentencing. We cannot say that that finding is clearly erroneous. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). Accordingly, even if we were to construe the prosecutor's remarks at sentencing, quoted above, as an invitation to the court to consider the fact that the injuries inflicted by Sears were fatal, those remarks did not constitute a violation of the plea agreement.
 
 
 14
 Sears's double jeopardy claim is similarly meritless. "[S]imply because two criminal statutes may be construed to proscribe the same conduct ... does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." Missouri v. Hunter, 459 U.S. 359, 368 (1983). In particular, statutes that establish sentencing enhancements do not automatically violate the double jeopardy clause. May v. Sumner, 622 F.2d 997, 999 (9th Cir.1980). Rather, cumulative punishment is permissible where legislative intent to inflict such punishment is clear. Hunter, 459 U.S. at 368.
 
 
 15
 The sentencing statute at issue here, Ariz.Rev.Stat. § 13-702(D), specifically designates "[i]nfliction or threatened infliction of serious physical injury" as an aggravating factor. Id. § 13-702(D)(1). According to the Arizona courts, an aggravating circumstance that is specifically designated in section 13-702(D) may be used to enhance a defendant's sentence even if it is an element of the crime committed. State v. Germain, 723 P.2d 105, 108 (Ariz.App.1986). Because the intent of the Arizona legislature to impose cumulative punishment for the infliction of serious physical injury is evident both from the language of the statute and from the interpretation of that statute by the Arizona Court of Appeals, the sentence imposed on Sears does not violate the double jeopardy clause.
 
 
 16
 Finally, Sears alleges that he received ineffective assistance of counsel at trial. In order to demonstrate that his sixth amendment right to effective assistance of counsel was violated, Sears must establish that his lawyer's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). None of Sears's ineffective assistance claims survives the first part of this test.
 
 
 17
 First, Sears claims that his lawyer's failure to review the medical reports with him prior to entry of the plea agreement constituted ineffective assistance. However, as discussed above, the state court found Baran's testimony that he had reviewed the medical reports with Sears more credible than Sears's testimony to the contrary, and that finding is fairly supported by the record. Accordingly, we reject Sears's claim on that point.
 
 
 18
 Second, Sears asserts that Baran rendered ineffective assistance by failing to enter a motion to withdraw Sears's guilty plea when Sears requested that he do so during the sentencing portion of the hearing. Arizona law permits a defendant to withdraw a guilty plea when necessary to correct a manifest injustice. Ariz.R.Crim.P. 17.5. However, failure by counsel to raise a meritless argument does not constitute ineffective assistance. Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir.1985), cert. denied, 474 U.S. 1085 (1986). Assuming that Sears did in fact make such a request,[1] in light of the findings by the state and district courts that Sears gave voluntary and intelligent assent to the agreement and that the prosecution did not violate the agreement, any motion to withdraw the plea would have been meritless and any refusal to make such a motion reasonable.
 
 
 19
 Third, Sears claims that Baran negligently represented to him that the state would not mention his wife's death at sentencing. Baran testified that he gave Sears his legal opinion that Mrs. Sears's death should not be considered but that he warned Sears that the court might do so. Again, the state court found Baran's testimony more credible than that of Sears, and that finding is fairly supported by the record. Moreover, even if Baran did tell Sears that the court would not consider the cause of Mrs. Sears's death, mere inaccurate prediction of the outcome of sentencing proceedings does not constitute ineffective assistance of counsel. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986). This is particularly true in light of the fact that the plea agreement expressly stated that "[a]ny prediction or promise as to what the possible sentence will be is understood to be voided by this agreement".
 
 
 20
 Finally, Sears asserts that Baran failed to advise him adequately regarding the consequences of pleading guilty to the "dangerous nature" element of the aggravated assault charge. Sears contends that he expected the lowest possible sentence--five years--because, in his opinion, he only moderately injured his wife. However, Baran testified that he discussed the aggravating factors, the allegation of seriousness, and the possible consequences of pleading guilty to such an allegation with Sears before Sears signed the plea agreement. The state court found that testimony credible, and its finding is fairly supported by the record. In any event, Sears's subjective expectations based on his personal assessment of the severity of his wife's injuries cannot serve as the basis for an ineffective assistance claim.
 
 The ruling of the district court is
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The state court found that Sears never requested that Baran withdraw his plea, and Baran's testimony fairly supports that finding