IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO


| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2001-0379 |
| Appellee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| JOSE UZARRAGA ALVAREZ, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20010968

Honorable Richard Nichols, Judge

AFFIRMED IN PART;
REVERSED IN PART AND REMANDED

---

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Diane M. Ramsey                                    Phoenix
                                                                  Attorneys for Appellee


Susan A. Kettlewell, Pima County Public Defender
  By Lisa M. Hise                                                          Tucson
                                                                  Attorneys for Appellant

---

E S P I N O S A, Chief Judge.


¶1          A jury found appellant Jose Uzarraga Alvarez guilty of six counts of second-degree

burglary and seven counts of sexual abuse, all nondangerous offenses.  The charges arose from

six separate incidents between December 1996 and March 2001.  On each occasion, while selling

tamales door-to-door in apartment complexes, Alvarez entered the apartment of a different female victim whom he then fondled and, in some cases, forced the victim to fondle him. For each incident, he was convicted of burglary, and in four of the incidents, he was also convicted of sexual abuse. The trial court imposed presumptive sentences for the three offenses committed against the first victim and aggravated sentences for the remaining offenses, all to be served concurrently. The five longest, for burglary, are twelve-year terms. As the basis for imposing aggravated sentences, the court cited "multiple victims" as the sole aggravating circumstance.

¶2 On appeal, counsel for Alvarez filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), suggesting two arguable issues. Alvarez did not file a supplemental brief. We address the second issue first. Although Alvarez did not object below, counsel contends on appeal that the trial court might have erred by failing at the end of the evidence to repeat some of the instructions it had given at the beginning of trial "regarding some legal principles such as the difference between direct and circumstantial evidence, objections, credibility, and expert opinion." Before the jury began deliberating, the court did repeat its instructions defining the offenses, the state's burden of proof, and reasonable doubt, but counsel now claims the court's failure to repeat the other preliminary instructions constituted fundamental error.

¶3 In *State v. Johnson*, 173 Ariz. 274, 276, 842 P.2d 1287, 1289 (1992), our supreme court held that a trial court's failure to reinstruct the jury at the end of trial on the state's burden of proof "is an error which can be waived." But, because of an erroneous, burden-shifting instruction the trial court had also given, the failure to reinstruct in *Johnson* was held to be reversible error despite the lack of an objection. Here, however, there were no similarly

2

extenuating circumstances, and the jurors were given written copies of the court's preliminary instructions in the trial notebooks they took into their deliberations. We find that Alvarez waived any arguable error by not objecting to the trial court's omission of those instructions and that the resulting error, if any, did not approach the level of fundamental error. *See State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991) (error fundamental when defendant cannot possibly have had fair trial).

¶4 We turn now to the other issue raised on appeal. The trial court enhanced Alvarez's sentences pursuant to A.R.S. § 13-702.02, as multiple offenses not committed on the same occasion but consolidated for trial. The enhancement provisions of that law, enacted in 1993, increase the range of sentence possible for each class of offense.[1] For example, the statute increased the maximum sentence Alvarez faced for his third and subsequent nondangerous felony convictions from seven years to thirteen years for the class three burglary convictions, §§ 13-702(A)(2), 13-702.02(B)(4), and from two years to three years for the class five sexual abuse convictions. §§ 13-702(A)(4), 13-702.02(B)(4). Section 13-702.02(B) further provides that, subject to certain specified exceptions, a defendant must serve a sentence imposed under § 13-702.02 day for day, without the possibility of early release.

---

[1]Sentence enhancement elevates the entire range of permissible punishment while aggravation and mitigation raise or lower a sentence within that range. "It is only within the [enhanced] range provided for dangerous class 2 felonies that the trial judge may consider the aggravating and mitigating circumstances." *State v. Bly*, 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980); A.R.S. § 13-604(A) through (K). Besides A.R.S. § 13-702.02, other examples of statutory enhancements are § 13-604(A) through (D) (for prior felony convictions); § 13-604(E) (for prior misdemeanor or petty offense convictions); § 13-604(F) through (K) (for dangerous-nature offenses); A.R.S. § 13-604.01 (for dangerous crimes against children); A.R.S. § 13-604.02 (for crimes committed while on release from confinement); and A.R.S. § 13-609 (for offenses committed in a school safety zone).

¶5　　　　　In addition to enhancing Alvarez's sentences pursuant to § 13-702.02, the trial court also aggravated the sentences imposed on ten of the thirteen counts pursuant to § 13-702(C).[2] As its only reason for doing so, the court cited Alvarez's "multiple victims," an aggravating factor not specifically enumerated in § 13-702(C)(1) through (18) and therefore necessarily falling under the catch-all provision of § 13-702(C)(19), formerly (C)(18), *see* 2002 Ariz. Sess. Laws, ch. 267, § 3, "[a]ny other factor that the court deems appropriate to the ends of justice."

¶6　　　　　Counsel argues it was improper for the court to aggravate Alvarez's sentences on the basis of "multiple victims" because his multiple, single-victim offenses had already been factored into the enhanced range of sentencing he faced under § 13-702.02 for committing multiple offenses later consolidated for trial. Counsel contends the fact of Alvarez's multiple offenses should not have been used both to enhance and aggravate his sentences, because each time he entered a victim's apartment and committed sexual abuse, there was a single victim, and the six incidents were entirely unrelated to each other. Thus, Alvarez had "multiple victims" only in the sense that he committed separate crimes on six occasions. Because Alvarez failed to present this issue to the trial court, we review only for fundamental error. *State v. Cañez*, 202 Ariz. 133, 42 P.3d 564 (2002); *State v. Curry*, 187 Ariz. 623, 931 P.2d 1133 (App. 1996). Whether a trial

---

[2]Aggravating and mitigating factors the court "shall consider" are enumerated in A.R.S. § 13-702(C) and (D). Both subsections (C) and (D) include a final "catch-all" provision for "[a]ny other factor that the court deems appropriate to the ends of justice." As the supreme court noted in *Bly*, under our "complex, multiple-step" sentencing scheme, for any given class of crimes the presumptive sentence "is to be imposed on the vast majority of first offenders who commit the crime." 127 Ariz. at 373, 372, 621 P.2d at 282, 281. Deviations from the presumptive sentence are intended to reflect the particular "quality and circumstances of the act committed . . . , such as, did the manner of using the gun put others in great fear or danger." *Id*. at 372-73, 621 P.2d at 281-82.

court may employ a given factor to aggravate a sentence presents a question of law we review *de novo*. *State v. Tschilar*, 200 Ariz. 427, 27 P.3d 331 (App. 2001).

¶7    In *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), our supreme court held that neither double jeopardy nor double punishment considerations prevent the legislature from establishing a sentencing scheme such as Arizona's in which an element of a crime may also be used for sentence enhancement and aggravation. *Bly* recognized that "the legislature's power to define crime and prescribe punishment" includes the power to dictate that a given circumstance constituting an element of an offense—there, the use of a handgun, which converted a robbery into armed robbery—may also afford the basis for both enhancing and aggravating the sentence imposed for that offense and for "mak[ing] probation unavailable and a minimum prison term mandatory." *Id*. at 372, 373, 621 P.2d at 281, 282.

¶8    However, as later observed in *State v. Germain*, 150 Ariz. 287, 290, 723 P.2d 105, 108 (App. 1986), "*Bly* permitted the use of a deadly weapon to be used as an aggravating factor despite the fact that it is a necessary element of the crime of armed robbery, *only* because of the legislative mandate in A.R.S. § 13-702([C])(2)." True to this observation, virtually all of the Arizona cases after *Bly* that have upheld using a single fact or circumstance in multiple ways have, indeed, involved one or more of the statutory aggravating factors expressly enumerated in § 13-702(C)(1) through (C)(18) or a specific statutory ground for enhancement.[3]   Thus, the chief

---

[3]*See State v. Gutierrez*, 130 Ariz. 148, 634 P.2d 960 (1981) (injury inflicted during aggravated assault with knife supported sentence enhancement for dangerous-nature offense, § 13-604, and aggravated sentence for serious bodily injury, § 13-702(C)(1)); *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980) (use of gun elevated offense from class four felony (robbery) to class two (armed robbery) and supported sentence enhancement for dangerous-nature offense, § 13-604(G)); *State v. Ritacca*, 169 Ariz. 401, 819 P.2d 987 (App. 1991) (sentence both enhanced

5

lesson of *Bly* and its progeny is that the legislature may authorize using the same fact or circumstance in more than one way as part of "a complex, multiple-step process" by which trial courts determine the appropriate sentence for a particular crime, 127 Ariz. at 373, 621 P.2d at 282, but the authorization must be explicit and the specific factor expressly identified.

¶9 Here, in contrast to *Bly*, the single factor the trial court used to aggravate Alvarez's sentences—"multiple victims"—is not among the aggravating factors specifically listed in § 13-702(C) and is, on these particular facts, essentially the same ground used to enhance his sentences under § 13-702.02. Although we are aware of no Arizona case precisely on point, in *Germain*, Division One of this court considered in aggravation the degree of the defendant's reckless conduct, which likewise is not an enumerated aggravating factor in § 13-702(C) and, thus, similarly falls within the catch-all provision of the statute.

¶10 The defendant in *Germain* was convicted of two counts of reckless manslaughter after the pickup truck he had been driving while intoxicated collided with an oncoming motorcycle, killing both people on the motorcycle and seriously injuring a passenger in the truck.

_____

under § 13-604 and aggravated under § 13-702(C)(11) based on prior felony convictions); *State v. Olsen*, 157 Ariz. 603, 760 P.2d 603 (App. 1988) (sentence for negligent homicide enhanced under § 13-604(F) for use of gun; deadly weapon not element of offense); *State v. Kerr*, 142 Ariz. 426, 690 P.2d 145 (App. 1984) (threatened use of weapon against police officers both element of offense and aggravating factor under § 13-702(C)(2)); *State v. Just*, 138 Ariz. 534, 675 P.2d 1353 (App. 1983) (death of victim both element of offense of second-degree murder and aggravating factor, § 13-702(C)(1); knife properly used to enhance sentence under § 13-604 and aggravate it under § 13-702(C)(2)); *State v. LeMaster*, 137 Ariz. 159, 669 P.2d 592 (App. 1983) (sentence enhanced and aggravated for prior felony convictions, § 13-702(C)(11)); *State v. Meador*, 132 Ariz. 343, 645 P.2d 1257 (App. 1982) (victim's death both element of offense of second-degree murder and basis for aggravating sentence, § 13-702(C)(1)); *cf. State v. Lara*, 171 Ariz. 282, 284 n.1, 830 P.2d 803, 805 n.1 (1992) ("'serious physical injury'" necessarily, though not literally, includes death).

The defendant claimed the trial court had erred in finding that his reckless conduct and infliction of serious injury and death supported the imposition of aggravated sentences "because these are the very elements of the crime of reckless manslaughter." 150 Ariz. at 290, 723 P.2d at 108. Division One disagreed, holding that, if the degree of a defendant's conduct exceeds the minimum level needed to establish the offense, that extreme misconduct may be considered as an aggravating factor.

¶11        Although the present case does not similarly entail the use of an element of the offense to enhance or aggravate Alvarez's sentences but, rather, the use of a single factor both to enhance and aggravate the sentences, *Germain* is instructive, nonetheless, in its discussion of when an element of an offense that is not specifically listed as an aggravating factor in § 13-702(C) may be used under the catch-all provision of § 13-702(C)(19) to aggravate a sentence:

> Were the courts of this state permitted to enhance punishment, in the absence of any legislative intent, by using the very elements of the crime as aggravating factors, the carefully structured statutory scheme providing for presumptive sentences would be undermined.
>
> However, this does not end our inquiry. Unlike such factors as the use of a deadly weapon or infliction of serious injury or death, which provide the trial court with objective issues of fact— i.e., either a deadly weapon was used or it was not—matters involving such factors as the defendant's recklessness present the court with subjective questions as to the *degree* of the defendant's wrongful conduct. We believe that the trial court has the authority to consider such questions. Where the degree of the defendant's misconduct rises to a level beyond that which is merely necessary to establish an element of the underlying crime, the trial court may consider such conduct as an aggravating factor under the broad language of § 13-702[(C)(19)].

150 Ariz. at 290, 723 P.2d at 108. Unlike *Germain*, in which the degree of the defendant's recklessness went well beyond the threshold necessary to establish that element of the offense, the

7

trial court here made no comparable finding that Alvarez had done anything more on each occasion than simply commit the offenses with which he was charged, making the presumptive sentence arguably appropriate for any of his offenses standing alone. *See Bly*. In addition, because the existence of a victim was implicit in the cluster of offenses Alvarez committed on each occasion, to say that he had "multiple victims" reflects nothing more, on these facts, than his commission of multiple offenses over time.

¶12        The state argues that using "multiple victims" as an aggravating factor is appropriate because "[t]he multiple offenses factored into A.R.S. § 13-702.02 need not necessarily involve multiple victims." That is, § 13-702.02 could also apply to a defendant who commits multiple victimless offenses or one who commits multiple offenses against a single victim, whose offenses are likewise consolidated for trial. But the fact that "multiple victims" and "multiple offenses" may not be coextensive in *every* case fails to resolve the question whether, in a particular case, they are essentially the same factor twice applied.

¶13        Based on the particular facts of this case, we conclude the trial court erred in imposing aggravated sentences on the basis of "multiple victims" alone. Alvarez did not have "multiple victims" in the sense in which that term is normally used, denoting multiple victims of a single act, episode, or scheme. *See, e.g., State v. Powers*, 200 Ariz. 363, 26 P.3d 1134 (2001); *State v. Henley*, 141 Ariz. 465, 687 P.2d 1220 (1984); *State v. Bruggeman*, 161 Ariz. 508, 779 P.2d 823 (App. 1989); *State v. White*, 160 Ariz. 377, 773 P.2d 482 (App. 1989); *State v. Gunter*, 132 Ariz. 64, 643 P.2d 1034 (App. 1982).

¶14        Alvarez did not commit these offenses against all six women simultaneously or in the course of a continuous spree or rampage. *Cf. State v. Rogovich*, 188 Ariz. 38, 44, 932 P.2d

8

794, 800 (1997) (upholding capital sentencing under A.R.S. § 13-703(F)(8) for multiple homicides committed over a nine-hour period "during the commission of the offense"); *State v. Lacy*, 187 Ariz. 340, 929 P.2d 1288 (1996) (multiple homicide victims under § 13-703(F)(8)). Nor did he commit them during "'" a relatively short period of time in what can be fairly viewed as one continuous course of criminal conduct."'" *State v. Ramirez*, 178 Ariz. 116, 130, 871 P.2d 237, 251 (1994), *quoting Romine v. State*, 305 S.E.2d 93, 99 (Ga. 1983), *quoting Peek v. State*, 238 S.E.2d 12, 19 (Ga. 1977). Rather, he committed separate crimes against separate victims on six separate, unrelated occasions.

¶15 Finally, the facts of this case do not resemble those in *Tschilar*, on which the state relies. There, Division One approved the trial court's treating the number of victims as an aggravating factor under the catch-all provision of § 13-702(C)(19), based on the defendant's having kidnapped and assaulted a group of four teenagers at gunpoint. Division One stated:

> While the court could not have aggravated the sentence based on the crimes having been committed against one person, by committing the acts against multiple victims simultaneously, Tschilar altered the character and increased the magnitude of the offenses. Kidnapping and assaulting four teenagers at once arguably creates a greater risk of physical and emotional injury as to each as they see the others terrorized or injured and arguably represents a graver offense to society.

200 Ariz. 427, ¶34, 27 P.3d 331, ¶34. In *Tschilar,* the term "multiple victims" denoted multiple contemporaneous victims in a single incident. Here, in contrast, Alvarez's "multiple victims" referred to a series of widely separated incidents involving a different, lone victim on each occasion.

9

¶16       To justify imposing a longer sentence than the presumptive under our "carefully structured statutory scheme," a trial court must point to conduct that somehow exceeds the elements or aggravates the circumstances of the offense. *Germain*, 150 Ariz. at 290, 723 P.2d at 108. The presumptive sentence is to be presumptively applied when the defendant's conduct satisfies but does not surpass the definition of the crime. *See* §§ 13-701(C), 13-702(A). As far as we have determined from this record, apparently in none of these six incidents did either the degree of Alvarez's misconduct, *see Germain*, or the quality and circumstances of his acts, *see Bly*, rise to a level beyond simple commission of the offenses charged. The existence of a victim was intrinsic in each cluster of offenses Alvarez committed and, thus, his "multiple victims" were synonymous with, and inextricable from, his "multiple offenses" under these specific circumstances.

¶17       We view § 13-702(C)(19) as reflecting both the legislature's recognition that it is impossible to foresee and list every conceivable aggravating circumstance that might ever arise and its desire to permit trial courts to rely on any appropriate aggravating factors a particular case might present. We thus interpret the catch-all provision of § 13-702(C)(19) as authorizing a trial court to factor into the sentencing equation any *additional* fact or circumstance not elsewhere specifically provided for or incorporated into our "carefully structured statutory scheme." *Germain*, 150 Ariz. at 290, 723 P.2d at 108. We do not view it—and do not believe the legislature intended it—as permission for a court to simply cite again in aggravation a fact or circumstance that has already been reckoned into the statutory scheme elsewhere, either as an element of the offense or a basis for enhancing the range of sentence, as essentially happened here.

10

¶18 Because Alvarez's "multiple victims" were subsumed in the multiple offenses already used to enhance the sentencing range for those offenses under § 13-702.02 and because the legislature has not expressly included "multiple victims" or "multiple offenses" as an enumerated aggravating factor under § 13-702, the trial court erred by effectively employing the same justification already used to enhance the sentences as its reason for imposing aggravated sentences on ten of the thirteen counts. Furthermore, "[i]mposition of an illegal sentence constitutes fundamental error," *State v. Thues*, 203 Ariz. 339, ¶4, 54 P.3d 368, ¶4 (App. 2002), which is not waived by Alvarez's failure to raise it below.

¶19 Because it is unclear whether the judge would have imposed the same sentences absent the inappropriate factor, the case must be remanded for resentencing on all but the first three counts. *See State v. Ojeda*, 159 Ariz. 560, 769 P.2d 1006 (1989). Accordingly, we affirm the judgment of convictions on all counts and the sentences on counts one, two, and three, but remand the case for resentencing on the remaining convictions.

PHILIP G. ESPINOSA, Chief Judge

CONCURRING:

WILLIAM E. DRUKE, Presiding Judge

JOHN PELANDER, Judge

11