NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENJIMAN JOSEPH COOPER, *Appellant.*

No. 1 CA-CR 13-0433

FILED 09-02-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-155460-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Todd M. Allison
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Charles R. Krull
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        Benjiman Joseph Cooper, ("Cooper") was convicted of child abuse, a class four felony.  On appeal, Cooper argues the trial court improperly relied on the vulnerability of the victim as an aggravating circumstance in imposing a maximum prison sentence of three years.  For the reasons discussed below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Cooper's son was born on September 13, 2012.  During a wellness check-up on October 23, his pediatrician noticed that the baby had lost weight and appeared to be dehydrated.  She directed that the baby be admitted to the hospital.  There, doctors discovered the baby's ribs were fractured.  As a result, Cooper was charged and convicted of two counts of child abuse.

¶3        After the jury returned its guilty verdicts, the court proceeded with the aggravation phase.  The State alleged, and the jury found, the aggravating circumstance of physical harm to the victim pursuant to Arizona Revised Statutes ("A.R.S.") section 13-701(D)(9).  At sentencing, the court found the vulnerability of the victim to be an additional aggravating circumstance and Cooper's young age as a mitigating circumstance.  After weighing the aggravating and mitigating circumstances, the court found an aggravated sentence was appropriate and sentenced Cooper to the maximum prison sentence of three years.  Cooper appealed.

## DISCUSSION

¶4        On appeal, Cooper challenges the court's decision to sentence him to the maximum prison term.  He argues the court (1) erroneously found the vulnerability of the victim to be an aggravating circumstance and (2) improperly relied upon that aggravating circumstance in imposing a maximum prison term.  Cooper reasons that the vulnerability, or age of the victim, was an essential element of the offense of child abuse and as a result, it could not be used to increase the range of his prison sentence

¶5          Cooper did not object during sentencing; accordingly, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). "The scope of review for fundamental error is limited . . . [i]n addition, we place the burden of persuasion in fundamental error review on the defendant." *Id.* "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20.

¶6          "Where a sentence is within the permissible statutory limits, it will not be modified or reduced on appeal unless it clearly appears excessive under the circumstances." *State v. Gillies*, 142 Ariz. 564, 573, 691 P.2d 655, 664 (1984) (quoting *State v. Pickard*, 105 Ariz. 219, 221, 462, P.2d 87, 89 (1970)). Once a jury finds a single statutory aggravating circumstance, a defendant is exposed to an aggravated sentencing range that "extends to the maximum punishment available under [A.R.S.] section 13-702." *State v. Martinez*, 210 Ariz. 578, 584, ¶ 21, 115 P.3d 618, 624 (2005); *see* A.R.S. § 13-701(C) (stating that a presumptive term may be increased to the maximum term under A.R.S. § 13-702 "if one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt").

¶7          Cooper has failed to establish fundamental error because the record clearly shows the existence of at least one aggravating circumstance necessary to sentence Cooper to a maximum sentence. Assuming, without deciding, the trial court erred in finding the vulnerability of the victim as an aggravating circumstance,[1] the record shows that the jury also found physical harm to the victim to be an aggravating circumstance. Cooper does not challenge this finding, nor does he claim the trial court improperly relied upon physical harm to the victim as an aggravating circumstance in imposing a maximum sentence.

¶8          Cooper also claims that "it is unclear from the record" whether the trial court would have imposed the maximum sentence absent its reliance on the allegedly improper aggravating circumstance of the vulnerability of the victim. However, such speculation alone is insufficient to prove prejudice; a defendant must demonstrate from the record that the court would have otherwise imposed a lesser sentence. *State v. Munninger*, 213 Ariz. 393, 397, ¶ 14, 142 P.3d 701, 705 (App. 2006). Here, Cooper has

---

[1] "[I]f the degree of a defendant's conduct exceeds the minimum level needed to establish the offense, that extreme misconduct may be considered as an aggravating factor." *State v. Alvarez*, 205 Ariz. 110, 114, ¶ 10, 67 P.3d 706, 710 (App. 2003).

not shown, nor can we discern from the record, any indication the trial court would have imposed a lesser sentence without the vulnerability of the victim as an aggravating circumstance.

## CONCLUSION

¶9        We affirm Cooper's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh