NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CASEY MARTIN, *Petitioner*.

No. 1 CA-CR 15-0574 PRPC
FILED 9-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-128626-001
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Casey Martin, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**H O W E**, Judge:

¶1 Casey Owen Miller Martin petitions this Court for review from the dismissal of his petition for post-conviction relief. Martin pleaded guilty to one count of kidnapping and three counts of attempted sexual molestation of a child involving minors under the age of 15. After finding that two aggravating factors—emotional harm to the victim and the violation of a position of trust—outweighed the mitigating factors, the trial court imposed a slightly aggravated 19-year flat-time sentence for the kidnapping conviction and lifetime probation on the remaining three convictions.

¶2 Martin argues that the trial court improperly applied "emotional harm to the victim" as a factor to aggravate his sentence because, he argues, emotional harm is inherent to the crime of kidnapping if the victim is under 15 years old and therefore is duplicative in violation of the Fifth Amendment to the United States Constitution.

¶3 Conduct that satisfies an element of a charged offense may not be used as an aggravating factor unless it "rises to a level beyond that which is merely necessary to establish an element of the underlying crime." *State v. Germain*, 150 Ariz. 287, 290 (App. 1986). As relevant here, a person commits kidnapping by restraining another with the intent to inflict a sexual offense on the victim. A.R.S. § 13–1304(A)(3). If a person commits kidnapping against a victim under the age of 15, the conviction is considered a dangerous crime against children subject to consecutive sentencing. A.R.S. § 13–1304(B). Because emotional harm is not an element of kidnapping—regardless the victim's age—the trial court did not err by applying emotional harm to the victim as a factor to support an aggravated sentence.

¶4 To the extent that Martin argues that the evidence does not support a finding of emotional harm to the victim, Martin has waived this claim because he knowingly, voluntarily, and intelligently pled guilty to kidnapping and agreed to the sentencing range in the plea agreement. The trial court conducted a thorough plea colloquy with Martin and advised him that ". . . you only have a right to post-conviction relief. You have to file that within 90 [sic] days of your sentencing and you have the right to have any aggravating factor determined by a jury. In this case, I'll be making a determination about what, if any, aggravating factors exist. Do you understand that?" Martin replied, "[y]es." Consequently, Martin waived his right to a trial on the aggravating factors. *Cf. State v. Brown*, 212 Ariz. 225, 229 ¶¶ 16–18 (2006) (holding that a defendant is entitled to a jury

trial on the aggravating factors because he expressly reserved that right). At sentencing, the state alleged two aggravators: emotional harm suffered by the victim and Martin's position of power as the victim's uncle in a position of trust. The state did not provide witness or expert testimony to evidence the allegations.

¶5        The supreme court has noted that a "factual basis may be ascertained from the record including pre-sentence reports, preliminary hearing reports, admissions of the defendant, and from other sources." *State v. Varela*, 120 Ariz. 596, 598 (1978). Here, the record shows that the court considered all written materials and verbal recommendations submitted to the court. When given the opportunity, Martin stated, "I take full responsibility for all my actions. I was sexually abused as a young boy. I know how I felt, and I am sorry to cause anyone, especially my own nieces, to feel this way." The court's determination that two aggravating factors existed was proper and the imposed sentence was permissible.

¶6        Accordingly, we grant review but deny relief.

