NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MICHAEL LEE KENNELL, *Appellant*.

No. 1 CA-CR 18-0212
FILED 3-7-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-122528-001
The Honorable James R. Rummage, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Stephen M. Johnson, PC, Phoenix
By Stephen M. Johnson
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　Michael Lee Kennell timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of possession or use of dangerous drugs and possession or use of narcotic drugs, each a Class 4 felony; and possession of drug paraphernalia, a Class 6 felony.  Kennell's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259, 284 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537 (App. 1999).  Kennell was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Kennell's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　In May 2017, two Phoenix police officers in a marked patrol vehicle saw a man, Kennell, pushing a bicycle with a second bicycle balanced atop it.[1]  The officers parked their vehicle and approached Kennell on foot.  As they approached, one officer saw a syringe strapped to one of the bikes.  The officer asked Kennell if he was a diabetic.  After Kennell responded no, the officer asked him what was in the syringe, and Kennell responded that the syringe contained methamphetamine.  A test later revealed the syringe was filled with a mixture of methamphetamine and heroin.

**¶3**　　　　The State charged Kennell with possession of dangerous drugs, possession of narcotic drugs and possession of drug paraphernalia under Arizona Revised Statutes ("A.R.S.") sections 13-3407 (2019), -3408

---

[1]　　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Kennell. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

(2019) and -3415 (2019).[2] *See also* A.R.S. § 13-3401(6)(c)(xxxviii), (20)(ttt) and (21)(m) (2019) (defining methamphetamine as a dangerous drug, opium as a narcotic drug and heroin as a form of opium). The jury found Kennell guilty of all counts and that he committed the offenses while on probation. The court then found Kennell had committed nine prior felonies. The court sentenced Kennell to concurrent terms, the longest of which was ten years in prison, with 316 days' presentence incarceration credit.

¶4        Kennell timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2019), 13-4031 (2019) and -4033(A)(1) (2019).

## DISCUSSION

¶5        The record reflects Kennell received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.

¶6        Under Article 2, Section 23 of the Arizona Constitution, a jury of 12 members must be seated when a criminal defendant is on trial for charges that carry a potential sentence of 30 or more years. Although the charges against Kennell carried a potential aggravated sentence of 35.75 years, the jury was comprised of only eight members. A.R.S. §§ 13-701(D)(11) & (D)(27) (2019), -703(C), (J) & (K) (2019), -711 (2019), -3407(A)(1) & (B)(1), -3408(A)(1) & (B)(1), -3415(A); *see State v. Ritacca*, 169 Ariz. 401, 402 (App. 1991) (commission of offense while on probation is aggravating circumstance). In *State v. Soliz*, 223 Ariz. 116, 119, ¶ 13 (2009), our supreme court held that when a court empanels only eight jurors in such a situation, it must impose a sentence of less than 30 years. 223 Ariz. at 119-20, ¶¶ 12, 16. Here, consistent with that rule, the superior court imposed a sentence of less than 30 years.

¶7        The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned unanimous verdicts, which were confirmed by juror polling. The court received and considered a presentence report and addressed its contents during the sentencing hearing.

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

**CONCLUSION**

**¶8**         We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

**¶9**         Defense counsel's obligations pertaining to Kennell's representation in this appeal have ended. Counsel need do no more than inform Kennell of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Kennell has 30 days from the date of this decision to proceed if he wishes, with a *pro per* motion for reconsideration. Kennell has 30 days from the date of this decision to proceed if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4