SUPREME COURT OF ARIZONA

STATE OF ARIZONA,                   )      Arizona Supreme Court
                                    )      No. CR-97-0317-AP
                     Appellee,)
                                    )      Maricopa County
              v.                    )      Superior Court
                                    )      No. CR 92-05731
SCOTT ALAN LEHR,                    )
                                    )
                     Appellant.)
                                    )      **S U P P L E M E N T A L**
                                    )      **O P I N I O N**
_____ )


Appeal from the Superior Court in Maricopa County,
The Honorable Stephen A. Gerst, Judge

**REMANDED FOR RESENTENCING**

_____

Janet A. Napolitano, Arizona Attorney General          Phoenix
      by   Kent E. Cattani, Chief Counsel,
           Capital Litigation Section
     and   Robert L. Ellman, Assistant Attorney General
           James P. Beene, Assistant Attorney General
           John P. Todd, Assistant Attorney General
           Bruce M. Ferg, Assistant Attorney General     Tucson
Attorneys for Appellee

Stephen M. Johnson                                     Phoenix
Attorney for Appellant

_____

**R Y A N**, Justice

¶1        The sole issue before us is whether reversible error occurred when a trial judge sentenced Scott Alan Lehr to death under a procedure that the Supreme Court held unconstitutional in *Ring v. Arizona,* 536 U.S. 584 (2002) (*Ring II*).  Based on our

review of the record, we cannot conclude that the error in this case was harmless.

## I.

¶2      In *Ring II,* the United States Supreme Court held that Arizona's capital sentencing scheme violated the right to a jury trial guaranteed by the Sixth Amendment to the United States Constitution.  *Id.* at 609.  The Court declared that "[c]apital defendants, no less than non-capital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."  *Id.* at 589. The Court reversed our decision in *State v. Ring,* 200 Ariz. 267, 25 P.3d 1139 (2001) (*Ring I*), and remanded for further proceedings consistent with its decision.  *Ring II,* 536 U.S. at 609.

¶3      Following the Supreme Court's *Ring II* decision, we consolidated all death penalty cases in which this court had not yet issued a direct appeal mandate, including Lehr's, to determine whether *Ring II* required this court to reverse or vacate the defendants' death sentences.  *State v. Ring,* 396 Ariz. Adv. Rep. 23, 29-30, ¶ 15 (Apr. 3, 2003) (*Ring III*).  In *Ring III*, we concluded that we will examine a death sentence imposed under Arizona's superseded capital sentencing statute for harmless error. *Id.* at 35, ¶ 54, 39, ¶ 93, 41, ¶ 104.

## II.

¶4      In November 1996, Lehr was convicted of three counts of

first degree murder, three counts of attempted first degree murder, two counts of aggravated assault, seven counts of kidnapping, thirteen counts of sexual assault, one count of attempted sexual assault, four counts of sexual conduct with a minor, and four counts of sexual assault with a child under the age of fourteen years. *State v. Lehr,* 201 Ariz. 509, 512, ¶ 1, 38 P.3d 1172, 1175 (2002). On mandatory appeal, we concluded that Lehr was denied his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution when the trial court limited his cross-examination of DNA experts. *Id.* at 515, ¶ 16, 519, ¶ 23, 520, ¶ 43, 38 P.3d at 1178, 1179, 1183. As a result, this court reversed as to two of the murder counts, one count of kidnapping, and four counts of sexual assault, because the convictions for those counts rested largely upon DNA evidence. *Id*. at 518-20, ¶¶ 35-43, 524, ¶ 67, 38 P.3d at 1181-83, 1187. Lehr thus stands convicted of and received the death penalty for one count of first degree murder. *See id.* at 524, ¶¶ 66-67, 38 P.3d at 1186. He also stands convicted of the remaining thirty non-capital counts. *Id.* at 524, ¶ 67, 38 P.3d at 1186.

¶5 The trial court found three aggravating factors in this case: (1) "defendant has been convicted of another offense in the United States for which under Arizona law a sentence of life imprisonment or death was imposable," Ariz. Rev. Stat. ("A.R.S.") § 13-703(F)(1) (2001); (2) "defendant was previously convicted of

a serious offense," A.R.S. § 13-703(F)(2); and (3) "defendant committed the offense in an especially heinous, cruel or depraved manner," A.R.S. § 13-703(F)(6).[1]   In our independent review and reweighing, we found the evidence too speculative to support a finding that the only homicide for which Lehr stood convicted was committed in a heinous, cruel or depraved manner.  *Lehr,* 201 Ariz. at 523, ¶ 63, 38 P.3d at 1186.   With respect to the F(1) aggravator, the trial court based its determination that this aggravator existed on the two other homicides of which Lehr was convicted in the same trial.  *Id.* at 522-23, ¶ 60, 38 P.3d at 1185-86.   This court, having reversed those two homicide convictions, nevertheless found that Lehr's remaining convictions for kidnapping and sexual assault carried with them the possibility of a life sentence, and therefore these convictions supported the F(1) aggravator.  *Id.*   This court also affirmed the trial court's finding of the F(2) aggravator based on Lehr's convictions for three counts of attempted first degree murder and two counts of aggravated assault.  *Id*. at 523, ¶ 61, 38 P.3d at 1186.

¶6        Both the F(1) and F(2) aggravating factors fall outside the *Ring II* mandate.  The Sixth Amendment does not require a jury to determine the existence of either the F(1) or the F(2) aggravating factors.  *Ring III,* 396 Ariz. Adv. Rep. at 35, ¶ 55.

---

[1]  Arizona Revised Statutes section 13-703 was amended by 2002 Ariz. Sess. Laws, 5th Spec. Sess., Ch. 1, § 1.

-4-

¶7        But this does not end our inquiry.  We must also consider whether reversible error occurred with respect to the mitigating circumstances.  *Id.* at 39, ¶ 93.  The trial court found, and this court affirmed, that Lehr failed to prove any statutory mitigating circumstances by a preponderance of the evidence.  *Lehr,* 201 Ariz. at 523, ¶ 64, 38 P.3d at 1186.  The trial court found the following non-statutory mitigating factors proven by a preponderance of the evidence:  "defendant was a good father to his children, a good husband to his wife, and a good son to his mother; he had no prior record of criminal behavior or accusations of violence of any kind; and he had been a model prisoner while in custody."  *Id.* at 523, ¶ 65, 38 P.3d at 1186.  However, there was additional non-statutory mitigating evidence presented by Lehr that the trial court either decided was not mitigating or was not proven by a preponderance of the evidence.  *Id.* at 523, ¶ 64, 38 P.3d at 1186.  This evidence included that imposition of the death penalty would harm Lehr's family, and that Lehr lacked "good childhood male role models." *Id.*

¶8        Although both remaining aggravating circumstances in this case fall outside the *Ring II* mandate, we cannot conclude that no reasonable probability exists that a jury would not have imposed the death penalty.  With the reversal of two of the murder convictions, the sentencing calculus in this case has changed.  As a practical matter, we believe juries will accord greater weight to

an F(1) aggravator based on other homicides as opposed to an F(1) aggravator based on kidnapping and sexual assault. Moreover, we cannot say that no reasonable jury would not accept the non-statutory mitigating factors rejected by the trial judge, particularly in light of the single murder for which Lehr now stands convicted. As such, it is impossible for us to say just how a jury may have balanced the aggravating and mitigating circumstances in this case.

¶9 To find the error in this case harmless, this court would have to determine that *if* a jury had made the sentencing determination, and *if* that jury had been presented with a single murder conviction rather than three, and *if* it had considered only the F(1) and F(2) aggravators rather than also an F(6) aggravator, and *if* it had considered the F(1) aggravator on the basis of kidnapping and sexual assault charges rather than multiple homicides, that jury would have found that the mitigating circumstances were not "sufficiently substantial to call for leniency." A.R.S. § 13-703(E). Under these circumstances, we hold that finding the error in this case to be harmless is too speculative.

¶10 For the above reasons, we cannot conclude beyond a reasonable doubt that had a jury considered the aggravating and mitigating circumstances presented in this case it would have reached the same conclusion as the trial judge or this court. Accordingly, we vacate Lehr's death sentence and remand for

resentencing under revised A.R.S. sections 13-703 and -703.01 (Supp. 2002).


_____
Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Vice Chief Justice


_____
Rebecca White Berch, Justice

Jones, C.J., concurring in part, dissenting in part:

**¶11**        I concur in the result, but I dissent from the majority's conclusion that harmless error analysis is appropriate where sentencing determinations are made by the trial judge in the absence of the jury. The right to trial by an impartial jury is fundamental. The sentencing phase is, of itself, a life or death matter. Where a judge, not a jury, determines all questions pertaining to sentencing, I believe a violation of the Sixth Amendment to the Constitution of the United States has occurred. In the aftermath of the Supreme Court's decision in *Ring v. Arizona,* 536 U.S. 584, 122 S. Ct. 2428 (2002)*(Ring II),* the absence of the jury in the sentencing phase of a capital trial necessarily amounts to structural error. I would remand the case of resentencing, simply on the basis of the Sixth Amendment violation.

*See State v. Ring,* 396 Ariz. Adv. Rep. 23, 41-42, ¶¶ 105-115 (Apr. 3, 2003)(Feldman J., concurring in part, dissenting in part)(*Ring III*).

_____

Charles E. Jones, Chief Justice