104 P.3d 204 (2005)
209 Ariz. 473
STATE of Arizona, Appellee,
v.
John Karl MUNNINGER, Appellant.
No. 1 CA-CR 03-0328.
Court of Appeals of Arizona, Division 1, Department D.
January 20, 2005.
*207 Terry Goddard, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and David Wood, Assistant Attorney General, Phoenix, Attorneys for Appellee.
James J. Haas, Maricopa County Public Defender, By James L. Edgar, Deputy Public Defender, Phoenix, Attorneys for Appellant.

OPINION
LANKFORD, Presiding Judge.
¶ 1 This opinion addresses questions regarding the application of Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). By memorandum decision, we previously vacated Defendant's sentence and remanded for resentencing. Defendant received an aggravated sentence based on facts found by a judge. Blakely requires as a matter of federal constitutional law that a jury find all facts that can increase punishment beyond the punishment supported by the guilty verdict alone.
¶ 2 The State moved for reconsideration of our decision. In the memorandum decision, we had vacated an aggravated and enhanced sentence of twelve and one-half years imprisonment for aggravated assault.[1] The sentencing court had relied upon facts in aggravation not found by the jury. We held that because the aggravating circumstances were not found by the jury, and because this failing was fundamental error, the Defendant must be resentenced.
¶ 3 The State's motion for reconsideration of our decision advanced two arguments. The State contended that Defendant waived the Blakely error, and that any such error was harmless. The State did not dispute that the failure to submit the aggravating factors to the jury was error. We permitted the Defendant to respond. See Ariz. R.Crim. P. 31.18(b). We now withdraw our prior memorandum decision and address the issues by opinion.

I.
¶ 4 The context in which the Blakely issues arise is a conviction for aggravated assault, a class three dangerous felony. Defendant encountered the victim late at night outside of a bar. Defendant and the victim bumped into each other. The victim responded verbally, and the situation became hostile. Defendant's friends pushed him away from the victim. Defendant stated that he was going to stab the victim. He approached the victim, restrained the victim's right arm, and cut under his left armpit with a sharp instrument. One of the victim's friends pushed Defendant away, and he fled the scene.
¶ 5 The victim's artery and all nearby major nerves and veins were severed. Emergency surgery was required to restore blood flow to his arm. Many more surgeries were performed, but the victim essentially cannot use his left arm or hand, and doctors gave him a "poor prognosis." The victim has suffered from constant pain and extensive scarring. The victim's body cannot control the *208 swelling of the arm due to severed lymph nodes.
¶ 6 Defendant was charged with aggravated assault. A jury convicted him and found that the offense was dangerous. The court imposed an aggravated and enhanced sentence of 12.5 years of imprisonment. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1)(2003), 13-4031 (2001), and 13-4032 (2001).

II.
¶ 7 We first consider whether we should ignore the error because Defendant waived it. Defendant neither cited Blakely nor argued the constitutional issue when he objected to his sentence. However, the Supreme Court had not decided Blakely until after Defendant had been sentenced, and Defendant therefore could not have cited it at sentencing.[2]
¶ 8 A defendant does not waive error that could not have been recognized until the defendant's case was pending on appeal due to a change in the law. Ranburger v. S. Pac. Transp. Co., 157 Ariz. 547, 550, 760 P.2d 547, 550 (App.1986), vacated on other grounds, 157 Ariz. 551, 760 P.2d 551 (1988). See State v. Miranda, 200 Ariz. 67, 68 n. 1, 22 P.3d 506, 507 (2001). Until Blakely was decided, the Arizona appellate courts had declared that no error occurs in a non-capital case when the judge and not the jury found the aggravating circumstances. State v. Brown, 205 Ariz. 325, 70 P.3d 454 (App.2003), vacated, 209 Ariz. 200, 99 P.3d 15 (2004). Brown unequivocally stated that, "[b]ased on any eventual findings of aggravating or mitigating circumstances," a "judge may ... adjust the sentence within the statutory sentencing range without running afoul of the United States or Arizona Constitutions." 205 Ariz. at 333, ¶ 26, 70 P.3d at 462. Blakely represented a change in the law, and Defendant therefore did not waive the defect by failing to raise it. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final...." Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). See also State v. Miranda-Cabrera, 209 Ariz. 220, 226, ¶ 26, 99 P.3d 35, 41 (App.2004) (citing Griffith, 479 U.S. at 328, 107 S.Ct. 708). "[C]ourts from around the country have recognized that a criminal defendant whose appeal was pending at the time Blakely was decided does not waive his Blakely-related arguments simply because he did not make those same arguments to the trial court." State v. Barnette, No. 02 CA 65, 2004 WL 3090228, at *26, ¶ 153 (Ohio App. Dec. 28, 2004) (citations omitted).
¶ 9 Moreover, we need not apply waiver even when a party has failed to preserve an issue. The practice of not addressing issues for the first time on appeal is merely a rule of procedure and does not confine our jurisdiction. Town of S. Tucson v. Bd. of Supervisors of Pima Co., 52 Ariz. 575, 582, 84 P.2d 581, 584 (1938); Tellez v. Saban, 188 Ariz. 165, 171 n. 3, 933 P.2d 1233, 1239 n. 3 (App.1996). The appellate court has discretion whether to apply waiver. Standard Chartered PLC v. Price Waterhouse, 190 Ariz. 6, 39, 945 P.2d 317, 350 (App.1996). The courts often decline to apply waiver when the issue is of constitutional importance, is of general statewide importance, or will dispose of the appeal. Aldrich & Steinberger v. Martin, 172 Ariz. 445, 447-48, 837 P.2d 1180, 1182-83 (App.1992); In re Estates of Spear, 173 Ariz. 565, 567, 845 P.2d 491, 493 (App.1992). For example, on appropriate occasions our supreme court has considered issues briefed neither in the trial court nor in the court of appeals, e.g., Barrio v. San Manuel Div. Hosp. for Magma Copper Co., 143 Ariz. 101, 104, 692 P.2d 280, 283 (1984), an example we have followed in reaching unbriefed but dispositive issues which *209 require no additional facts. E.g., State v. Ariz. Prop. and Cas. Ins. Guar. Fund, 192 Ariz. 390, 392 n. 4, 966 P.2d 557, 559 n. 4 (App.1998) (citing Barrio, 143 Ariz. at 104, 692 P.2d at 283). See also Jimenez v. Sears Roebuck & Co., 183 Ariz. 399, 406 n. 9, 904 P.2d 861, 868 n. 9 (1995) (constitutional issues advanced in neither trial court nor court of appeals were reached). The issue presented in this case is an important one of constitutional dimension. We therefore decline to apply waiver.
¶ 10 Even if the error were waived, we can review for fundamental error. State v. Gendron, 168 Ariz. 153, 154, 812 P.2d 626, 627 (1991). Blakely error is reviewable on appeal as fundamental error. State v. Resendis-Felix, 209 Ariz. 292, 294, ¶ 6, 100 P.3d 457, 459 (App.2004); State v. Oaks, No. 2 CA-CR XXXX-XXXX, ___ Ariz. ___, ___, ¶ 21, 104 P.3d 163, 167, ¶ 21, 2004 WL 2955944, at *5 (Ariz.App. Dec.22, 2004); State v. Burdick, No. 2 CA-CR XXXX-XXXX, ___ Ariz. ___, ___, ¶ 12, 104 P.3d 183, 186, ¶ 12, 2005 WL 78325, at *3 (Ariz.App. Jan.14, 2005).
¶ 11 The application of the fundamental error doctrine comports with a long line of Arizona cases that regard an illegal sentence, including a sentence that results from improper consideration of a fact to increase the sentence, as fundamental error. E.g., State v. Thues, 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App.2002) (sentence enhancement); State v. Cox, 201 Ariz. 464, 468, ¶ 13, 37 P.3d 437, 441 (App.2002) ("sentencing process was fundamentally flawed" due to consideration of incorrect sentencing range, even though length of sentence did not exceed statutory maximum). This includes the similar error[3] of failing to submit to a jury a sentencing enhancement allegation. State v. Johnson, 183 Ariz. 358, 360, 903 P.2d 1116, 1118 (App.1995).
¶ 12 Finally, the right to a jury trial requires an affirmative waiver that is knowing and voluntary. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Ariz. R.Crim. P. 18.1. What is at issue is a defendant's right to a jury trial on sentencing factors. The record reveals no proper waiver of that right. Accordingly, Defendant cannot be said to have waived it. See Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) ("for a waiver to be effective it must be clearly established that there was `an intentional relinquishment or abandonment of a known right.'") (quoting Zerbst, 304 U.S. at 464, 58 S.Ct. 1019); State v. Smith, 197 Ariz. 333, 338, ¶ 16, 4 P.3d 388, 393 (App.1999) ("[B]efore there can be a waiver, the record must show a knowing waiver by defendant.") (quoting State v. Prince, 142 Ariz. 256, 258, 689 P.2d 515, 517 (1984)). Whether Defendant's sentence was invalid under Blakely was not waived.[4]

III.
¶ 13 Because the error was not waived, we proceed to consider whether it was harmless. Failure to submit an aggravating factor to the jury is subject to review for harmless error. State v. Ring, 204 Ariz. 534, 552, ¶ 44, 65 P.3d 915, 933 (2003). Sentencing error is harmless only if we can say with certainty that the same sentence would have obtained if the error had not occurred. State v. Hardwick, 183 Ariz. 649, 656-57, 905 P.2d 1384, 1391-92 (App.1995). The failure to submit an aggravating factor to the jury may be harmless when "no reasonable jury *210 could find that the state failed to prove the ... factor beyond a reasonable doubt." Ring, 204 Ariz. at 561, ¶ 82, 65 P.3d at 942. No reversible error occurs when the evidence "overwhelmingly establishes" the factor, the defendant stipulated to the facts constituting the aggravating circumstance, or the fact is implicit in the jury's verdict of guilt. Id. at ¶ 86.
¶ 14 The State contends that any error was harmless because only one aggravating factor need be properly found. Its argument is that if one such factor is present, the imposition of an aggravated sentence is for the judge's discretion. The judge may then consider additional aggravating circumstances even if they were not found by a jury. In other words, according to the State, a single aggravating factor confers sentencing discretion upon the judge anywhere within the range of the presumptive sentence to the maximum sentence, and additional aggravating circumstances may be determined by the judge alone.
¶ 15 Recently, another panel of this Court accepted a variation of this argument. State v. Martinez, 209 Ariz. 280, 281-282, ¶ 1, 100 P.3d 30, 31-32 (App.2004).[5] That opinion stated that no error, rather than harmless error, occurs when defendant receives an aggravated sentence even though the sentence rests upon aggravating factors not properly found by the jury.[6] It reasoned that Blakely requires only that a single aggravating factor be found by a jury, or be exempt from Blakely's requirement of a jury finding.[7] In Martinez, the court held that the aggravating factor of the death of the victim was implicit in the jury verdict of guilt for murder. That fact alone supposedly supported the sentence, even though the sentence rested on other facts neither found by the jury nor exempt from the requirement of such a finding.
¶ 16 While we agree with Martinez that the aggravating fact of death was implicit in the jury verdict and therefore was found by the jury,[8] we disagree that a single properly found aggravating factor satisfies Blakely when the sentence also rests on other aggravating factors not found by the jury. Martinez is directly contrary to our supreme court's decision in Ring, 204 Ariz. at 561-62, ¶¶ 87-88, 65 P.3d at 942-43. See State v. Timmons, ___ Ariz. ___, 103 P.3d 315 (Ariz.App. 2005) (Martinez analysis was "essentially rejected" in Ring). In Ring, the State advanced the very same argument:
The State asserts that if the jury implicitly found one aggravating factor or the trial judge found one factor not subject to the Ring II [Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)] analysis, we can uphold the capital sentence imposed by the trial judge as harmless error. The argument relies upon the fact that Arizona's superseded sentencing scheme rendered a defendant "death eligible" if one aggravating factor existed.... Nothing in Ring II, the State argues, prevents a trial judge from finding the second and succeeding aggravating factors, as well as finding mitigating factors and balancing them against the aggravator.
204 Ariz. at 561, ¶ 87, 65 P.3d at 942.
¶ 17 The State's argument was squarely rejected by the supreme court. Although defendant becomes "eligible" for an aggravated sentence upon the finding of a single aggravating factor, "Ring II should not be read that narrowly... Ring II requires a jury to consider all aggravating factors urged by the state and not either exempt from Ring II, implicit in the jury's verdict, or otherwise established beyond a reasonable doubt." Id. at 562, ¶ 88, 65 P.3d at 943 *211 (emphasis added). "We therefore hold that the presence of one or more aggravating factors either exempt from Ring II, inherent in the jury's guilty verdict, or otherwise established beyond a reasonable doubt does not, in itself, establish that a defendant's capital sentence resulted from harmless error." Id. at ¶ 90, 65 P.3d 915. See also State v. Tucker, 205 Ariz. 157, 167, ¶ 55, 68 P.3d 110, 120 (2003) ("[W]e must analyze each of [the] aggravating factors for harmless error."); Brown, 209 Ariz. at 203, ¶ 12, 99 P.3d at 18 (in a case in which multiple aggravating facts are alleged, the jury must find "these facts.").
¶ 18 Martinez errs in failing to follow the supreme court's decision in Ring. Martinez acknowledges Ring, but asserts that it need not be adhered to because it is a capital punishment case, and non-capital cases are different. Martinez, 209 Ariz. at 285, ¶ 19, 100 P.3d at 35. It argues that in capital sentencing, the jury must decide all facts, while in non-capital sentencing, some facts can be decided by the judge and some by the jury. Id. This assertion lacks any support. Martinez points to no distinction between capital and non-capital sentencing, or between jury-eligible facts and non-eligible facts, that rests either on principle or on any statutory provision. The judge performs sentencing in a non-capital case, but that is not a fact-finding function. Instead it is an exercise of judicial discretion. See State v. Griswold, 101 Ariz. 577, 578, 422 P.2d 693, 694 (1967) (sentencing is a matter of judicial discretion reviewable only for abuse of discretion).
¶ 19 In fact, the very authority to which Martinez points, see id., shows that the sentencing schemes are functionally similar in their use of aggravating and mitigating factors. See, e.g., A.R.S. § 13-703(E), (F), (G) (Supp.2004) (capital sentencing statute adopting the same aggravating and mitigating factors of the general sentencing statute, A.R.S. § 13-702 (Supp.2004)). State v. Beasley, 205 Ariz. 334, 70 P.3d 463 (App.2003) does not state that the judge may make some factual determinations that increase a sentence. On the contrary, Beasley followed Apprendi and reversed an enhanced sentence precisely because the enhancing fact, that defendant committed the offense while on release status, was not "tried to a jury rather than a judge." Beasley, 205 Ariz. at 341, ¶ 33, 70 P.3d at 470. Nor, as Martinez suggests, 209 Ariz. at 285, ¶ 19, 100 P.3d at 35, does Beasley distinguish between capital and non-capital sentencing. Finally, the constitutional requirement of jury findings of aggravating factors has not been applied differently by the United States Supreme Court depending on whether the sentence is death or imprisonment. See Apprendi, Blakely and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
¶ 20 Martinez also attempts to marshall federal authority in support, but it misconstrues what the United States Supreme Court has said. For example, Martinez relies on Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). See Martinez, 209 Ariz. at 284, ¶ 13, 100 P.3d at 34 (citing Harris). But Harris was not a Blakely-issue case at all. Instead, the Supreme Court carefully distinguished Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, the predecessor case on which Blakely rested. Harris, 536 U.S. at 557-69, 122 S.Ct. 2406. Harris merely approved the use of a judge-found aggravating factor to increase the minimum sentence. Id. at 565, 122 S.Ct. 2406. That is not a Blakely problem because the right to a jury trial applies only if the factor increases the sentence beyond that which can be imposed based solely on the jury verdict, i.e., a presumptive sentence under Arizona's sentencing scheme. Blakely, 124 S.Ct. at 2537. Harris thus holds no answer to a case such as the one at hand in which the sentence was greater than the presumptive; Harris merely removes from the ambit of Apprendi/Blakely the sentence increased from the minimum, but less than the presumptive.
¶ 21 Our review of the decisions of the United States Supreme Court on point yields a clear direction that not just one, but all facts that can be used to increase punishment must be found by the jury. In Apprendi, the Court said: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory *212 maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). See also id. at 476, 120 S.Ct. 2348 ("any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.") (emphasis added) (quoting Jones v. United States, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)); id. at 478, 120 S.Ct. 2348 ("[T]he prosecution must convince the trier [of fact] of all the essential elements of guilt.") (emphasis added) (quoting C. McCormick, Evidence § 321, at 681-82 (1954)). This holding was reiterated in Blakely, in which the Court quoted the foregoing passage from Apprendi. Blakely, 124 S.Ct. at 2536. Under Arizona's sentencing system, any aggravating circumstance can be the source of the increased punishment, and a particular circumstance will not necessarily increase the sentence. Thus, "any" fact means "every" fact.
¶ 22 Lest there be any doubt, Blakely also reminded us "that the `truth of every accusation' against a defendant" should be decided by a jury. Id. at 2536 (emphasis added) (quoting 4 W. Blackstone, Commentaries on the Laws of England 343 (1769)). In Blakely, too, the court said that "every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment." Id. at 2543 (original emphasis omitted; new emphasis added). "`[E]very fact which is legally essential to the punishment' must be charged in the indictment and proved to a jury." Id. at 2536 n. 5 (emphasis added) (quoting 1 J. Bishop, Criminal Procedure, at 50-56 (2d ed. 1872)). And again, the Court made the scope of its holding clear in discussing its prior opinion in Apprendi, which "carries out this [constitutional] design by ensuring that the judge's authority to sentence derives wholly from the jury's verdict." Blakely, 124 S.Ct. at 2539 (emphasis added).[9] As we have seen, any aggravating fact can incrementally increase a sentence in Arizona. And any aggravating fact can render a defendant eligible for increased punishment, but does not invariably require an aggravated sentence. Thus, the theory that only one aggravating factor need be found to justify an aggravated sentence is inconsistent with what the Supreme Court has required.
¶ 23 The reasoning of Martinez also conflicts with the constitutional underpinning of the Supreme Court's opinions. Apprendi and Blakely rest on two principles: the constitutional requirement that the jury decide beyond a reasonable doubt all elements of the offense, and the absence of any real "distinction between `elements' and `sentencing factors.'" Apprendi, 530 U.S. at 494, 120 S.Ct. 2348 (citation omitted). The difference between a judicial finding and a jury finding "is no mere procedural formality, but a fundamental reservation of power in our constitutional structure." Blakely, 124 S.Ct. at 2538-39. The right to a jury trial is one that limits governmental power "by strict division of authority between judge and jury." Id. at 2543. The right to a jury determination of all criminal accusations cannot be subverted by submitting to the jury only "whatever facts the legislature chooses to label elements of the crime," and allowing the judge to decide "those that it labels sentencing factors." Id. at 2539. It is no less harmful to the constitutional right for the judge or prosecution to choose which among those facts the jury can decide.[10]
*213 ¶ 24 The source of the error in Martinez is that it conflicts with the legislatively mandated sentencing system. Martinez rests upon this proposition: Because a single aggravating factor can support an aggravated sentence, an aggravated sentence must be affirmed if a single aggravating factor was properly found, even though other aggravating factors used to increase the sentence were erroneously found.
¶ 25 The premise on which Martinez relies is incorrect, as our supreme court indicated in Ring. Although a single aggravating circumstance can be enough to make a defendant eligible for increased punishment, the actual length of sentence is to be imposed only after weighing all the aggravating and mitigating circumstances. In other words, the aggravating factor justifies a theoretical sentence somewhere in the range between the presumptive and maximum punishments. However, a particular sentence cannot be imposed without regard to all of the aggravating and mitigating circumstances. Put another way, a single aggravating factor exposes the defendant to a greater sentence, but only consideration of all of the aggravating circumstances actually determines the punishment.[11] For example, a given sentence may well be lengthier if several, as opposed to only one, aggravating circumstances are considered. And any of the aggravating circumstances can incrementally increase the sentence beyond the punishment that would have been imposed without considering that circumstance. Thus, all of the aggravating circumstances must be considered.
¶ 26 The existence of a single aggravating circumstance also does not necessarily subject defendant to an aggravated sentence. If mitigating circumstances are also present, the court may impose a presumptive or mitigated sentence. It is only when "the court finds aggravating circumstances and does not find any mitigating circumstances [that] the court shall impose an aggravated sentence." A.R.S. § 13-702(D)(5). Thus, under the statute, a single aggravating factor does not always render a defendant eligible for an aggravated sentence. When mitigating circumstances are also present, it is for the discretion of the sentencing judge to decide whether punishment greater than the presumptive is warranted. When the judge relied on several aggravators, and only one was proper, we may be unable to discern whether the judge would have regarded the single proper factor enough to render defendant eligible for the greater punishment. That discretion is the sentencing judge's province, not ours.
¶ 27 With its one-factor-is-enough approach, Martinez purports to recognize the sentencing judge's authority to sentence upon a single factor. But the courts lack such authority. The Arizona Legislature has prescribed the sentencing system that judges must follow, and it has required that all sentencing factors be considered.
¶ 28 Under the statutory sentencing scheme, one factor does not a sentence make. A sentence beyond the presumptive can be determined only after considering all of the *214 statutorily enumerated aggravating and mitigating factors, and after giving suitable weight to each. The Legislature directed the judicial branch as follows: "The court shall consider" the enumerated circumstances. A.R.S. § 13-702(C), (D). "Any reduction or increase [from the presumptive sentences of A.R.S. § 13-701 (2001)] shall be based on the aggravating and mitigating circumstances...." A.R.S. § 13-702(A).
¶ 29 The sentencing laws thus forbid the very thing that Martinez approves: consideration of a single factor in isolation. The Legislature requires not only that the judge consider all the statutorily relevant circumstances, but also that the sentencing judge weigh and balance them. "In determining what sentence to impose, the court shall take into account the amount of aggravating circumstances and whether the amount of mitigating circumstances is sufficiently substantial to call for the lesser term." A.R.S. § 13-702(D). "The trial court must weigh all aggravating and mitigating circumstances in passing sentence." State v. Bocharski, 200 Ariz. 50, 62, ¶ 63, 22 P.3d 43, 55 (2001). Not all aggravating and mitigating circumstances carry the same weight. State v. Brookover, 124 Ariz. 38, 42, 601 P.2d 1322, 1326 (1979). Thus, the presence or absence of a single factor can change the sentencing calculus. State v. Lehr, 205 Ariz. 107, 109, ¶ 8, 67 P.3d 703, 705 (2003). Before the judge fixes punishment, the jury first must find whether the alleged aggravating factors exist. The judge then may exercise sentencing discretion. To paraphrase well-worn folk wisdom, the horse must precede the cart.
¶ 30 We therefore cannot automatically uphold sentences based on the presence of a single aggravating factor when the sentencing judge relied on others not properly found by a jury. As the Supreme Court of Arizona has determined, "all aggravating factors" in imposing a sentence must be found by the jury. Ring, 204 Ariz. at 562, ¶ 88, 65 P.3d at 943 (emphasis added). And, as that court said, the contrary argument does "not reflect any sentencing procedure ever adopted by our legislature." Id. at ¶ 89.
¶ 31 A simple hypothetical clarifies the application of Blakely to Arizona's sentencing system. Let us suppose that the legislatively prescribed presumptive sentence, i.e., the sentence authorized by the jury verdict alone without aggravating factors, is five years, and the maximum sentence is ten years. A single aggravating factor is found and the sentencing judge imposes a sentence of six years. If a second aggravating factor had been found, our hypothetical judge would have imposed a sentence of seven years. The additional aggravating circumstance is clearly a fact that increases the punishment beyond that authorized by the jury verdict alone, and is therefore subject to the requirement of Blakely that the fact be proved to a jury beyond a reasonable doubt. As the Court said in Apprendi,"the relevant inquiry is one not of form but of effect  does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" 530 U.S. at 494, 120 S.Ct. 2348. And, as the Court said in Blakely, the judge's sentencing authority derives "wholly" from the jury. 124 S.Ct. at 2538.
¶ 32 Another hypothetical illustrates why Blakely's mandate cannot be avoided by finding a single aggravator. Assume that both multiple aggravating and mitigating circumstances are present. The sentencing judge weighs all circumstances. Relying on the aggregation of aggravating circumstances, the judge imposes an aggravated sentence. Had only one of the aggravating factors been present, the judge would have balanced the factors differently and not have imposed an aggravated punishment at all. Any aggravating factor thus can, but not necessarily will, lead to an aggravated sentence, and therefore all such factors must be decided by the jury.
¶ 33 Nor can we discern any wisdom in inviting disparate treatment of defendants as Martinez necessarily does. For example, Martinez proposes that a defendant who has committed a prior felony  a fact that need not be submitted to the jury  but is alleged to be subject to increased punishment due to other circumstances would not be entitled to a jury trial. However, under Martinez a *215 defendant, charged with the very same crime and all of the same aggravating circumstances except that he has no prior convictions, would be entitled to a jury trial of at least one of the aggravating factors. Thus, one defendant would be entitled to a jury trial and the other would not, even though the fact issue is identical.
¶ 34 We cannot rely on a single aggravating factor. We therefore must review all of the aggravating circumstances to determine whether the error in failing to submit them to the jury was harmless.
¶ 35 The judge relied on several factors, both aggravating and mitigating. The record contains uncontroverted evidence of the first aggravating factor, extraordinary severity of the harm to the victim. The superior court stated:
[The victim] was hospitalized for weeks. He nearly died. He's undergone ... at least 15 surgeries already. His pain is enormous. His suffering is enormous, and it will continue for the rest of his life. His left arm is paralyzed. He continues physical therapy. He came very close to dying in this case.
The sentencing judge relied on the victim's extraordinary harm and suffering. Because this harm is different from and greater than the "serious physical injury" element of the offense, it is a proper sentencing factor. See A.R.S. § 13-702(C)(9); State v. Germain, 150 Ariz. 287, 290, 723 P.2d 105, 108 (App.1986) (court may consider misconduct beyond level necessary to establish an element of the crime as an aggravating factor). The evidence is so overwhelming that we are certain that a jury would have found that fact to be true beyond a reasonable doubt. Accordingly, the error in failing to submit this fact to the jury was harmless, but the failure to submit other aggravating circumstances to the jury was not necessarily harmless. See Ring, 204 Ariz. at 561, ¶ 82, 65 P.3d at 942.
¶ 36 The judge also relied on an additional aggravating factor not submitted to the jury: the viciousness of Defendant's actions. See A.R.S. § 13-702(C)(5). Whether the offense was committed in an "[e]specially heinous, cruel or depraved manner" as required by § 13-702(C)(5) was not clear beyond a reasonable doubt. While the offense was violent and resulted in traumatic and permanent injury, aggravated assaults inherently involve either a deadly weapon or serious physical injury. In particular, the sentencing judge relied on a single fact to move this case into the realm of the especially vicious: "[T]his is not just a stabbing. This was a sawing action where the tendons and muscles ... were cut to the bone." Yet the record permits different inferences as to whether the injury was inflicted by a method that constitutes special cruelty or depravity.[12] This fact cannot be said to have been proved to the extent that any reasonable jury would agree with it beyond any reasonable doubt. It therefore should have been submitted to the jury for decision.
¶ 37 The final aggravating factor was the use of a dangerous instrument or deadly weapon. See A.R.S. § 13-702(C)(2). The assault offense was charged as aggravated assault based on the use of a weapon or dangerous instrument. See A.R.S. § 13-1204(A)(2) (Supp.2004). The sentence was also enhanced as a dangerous offense, see A.R.S. § 13-604(P), although it is not clear whether the dangerousness was found in the use of a weapon or the seriousness of the injury because neither the indictment nor the jury instruction specified which was the basis of the dangerous nature of the offense.
¶ 38 Employing the fact of a deadly weapon to prove an offense, then to aggravate a sentence, and finally to enhance *216 a sentence, is problematic. Under A.R.S. § 13-702(C), the court can consider the following as aggravating factors when imposing a sentence:
1. Infliction or threatened infliction of serious physical injury, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-604.
2. Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-604.
Thus, the use of a weapon and the seriousness of the injury cannot be "double-counted" by using them to prove guilt and then to aggravate the sentence, or by using them to enhance the sentence and then to aggravate it.[13]
¶ 39 Relying on the use of the weapon to aggravate the sentence twice counted this fact because it was also an element of the offense. The indictment specifically alleged that the assault constituted aggravated assault because of the use of a dangerous instrument. Pointedly, the indictment did not allege serious physical injury to elevate the offense from simple assault to aggravated assault. Accordingly, the court's reliance on this factor violated § 13-702(C)(2).
¶ 40 The judge thus relied on three aggravating factors: extraordinary harm, viciousness, and weapon. The extraordinary harm is indisputable and therefore the failure to submit this fact to the jury was, standing alone, harmless. The viciousness was debatable and should have been decided by the jury. The use of a weapon was a factor that, because it was an element of the offense, cannot be considered in aggravation. The judge also found several mitigating factors, including the Defendant's age, remorse, lack of a prior felony record, difficult childhood, and the role of alcohol. See A.R.S. § 13-702(D) (mitigating factors). As statutorily required, the judge balanced these mitigating circumstances against the aggravating factors. He found that the aggravating factors outweighed the mitigating.
¶ 41 When a trial court relies on an improper factor, and we cannot be certain that it would have imposed the same sentence absent that factor, we must remand for resentencing. A sentencing error involving the improper consideration of aggravating factors is harmless only if we can be certain that, absent the error, the court would have reached the same result. Hardwick, 183 Ariz. at 656-57, 905 P.2d at 1391-92. After weighing and balancing aggravating and mitigating factors, the sentencing judge may "impose a just sentence anywhere within the range authorized by statute." State v. Henderson, 133 Ariz. 259, 263, 650 P.2d 1241, 1245 (App.1982), overruled in part on other grounds by State v. Pena, 140 Ariz. 544, 683 P.2d 743 (1984). The reversal of a single aggravating factor may mean that "the sentencing calculus ... has changed." Lehr, 205 Ariz. at 109, ¶ 8, 67 P.3d at 705. The exercise of sentencing discretion is the trial court's, not ours. See A.H. by Weiss v. Superior Court, 184 Ariz. 627, 630, 911 P.2d 633, 636 (App.1996) ("[T]he sentence to be imposed is completely within the discretion of the trial judge."). The reversal of some aggravating factors affects the balance of all the circumstances, aggravating and mitigating, and the balancing process is within the realm of the sentencing judge.
*217 ¶ 42 When it is "unclear whether the judge would have imposed the same sentences absent the inappropriate factor, the case must be remanded for resentencing." Alvarez, 205 Ariz. at 116, ¶ 19, 67 P.3d at 712. Accord, State v. Just, 138 Ariz. 534, 551, 675 P.2d 1353, 1370 (App.1983). The errors in this case-the failure to submit one aggravating factor to a jury and the reliance on an unlawful factor-are not harmless beyond a reasonable doubt.[14] We therefore must remand.
¶ 43 Accordingly, we have granted the motion for reconsideration and withdrawn our prior memorandum decision. We now vacate the sentence and remand for resentencing.
CONCURRING: PATRICK IRVINE and PATRICIA K. NORRIS, Judges.
NOTES
[1] The presumptive term for aggravated assault, enhanced as a dangerous felony, is 7.5 years. See Arizona Revised Statutes ("A.R.S.") section 13-604(I) (Supp.2004). The jury found that the offense was dangerous. This finding resulted in an "enhanced" sentence, i.e., an increase of the sentencing range.
[2] Moreover, the State does not suggest that Defendant waived the arguments at the core of his appeal: He contests the evidentiary and legal support for the aggravating circumstances employed to increase his sentence. Thus, the propriety of increasing the sentence by employing aggravating factors remains the essence of this appeal. Blakely provides Defendant new support for his argument: No longer is the aggravated sentence merely vulnerable to attack under Arizona law, but it is now questionable as a matter of federal constitutional law.
[3] See State v. Alvarez, 205 Ariz. 110, 112 n. 1, 67 P.3d 706, 708 n. 1 (App.2003) ("Sentence enhancement elevates the entire range of permissible punishment while aggravation and mitigation raise or lower a sentence within that range.").
[4] We express no opinion as to whether a defendant who has waived his right to a jury trial generally need specifically waive his right to a jury trial of sentencing factors. A defendant who has not waived his right to a jury, however, has not waived the issue. As far as we can determine, all courts that have considered this question agree that a defendant who exercised his right to a jury trial of his guilt, and who has not expressly waived his right to a jury trial of sentencing factors, has not waived his Blakely challenge because he has not waived a jury. See, e.g., People v. Vu, 124 Cal.App.4th 1060, 21 Cal.Rptr.3d 844, 849 (2004); People v. Joy, 124 Cal.App.4th 1115, 22 Cal.Rptr.3d 160, 166-67 (2004); State v. Lofton, No. M2003-01102-CCA-R3-CD, 2004 WL 2002435, at *4 (Tenn.Crim.App. Jan.13, 2005); State v. Borboa, 102 P.3d 183, 190 (Wash.App.2004).
[5] Martinez must be distinguished from cases in which an aggravated sentence was not imposed, a situation that does not implicate Blakely. See Miranda-Cabrera, 209 Ariz. at 227, ¶ 32, 99 P.3d at 42.
[6] Whether the reasoning leads to the supposed absence of error or the alleged harmlessness of the error, we disagree with it.
[7] The existence of a prior conviction need not be found by a jury to be used as an aggravating factor. Apprendi v. New Jersey, 530 U.S. 466, 489-90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[8] See State v. Gatliff, 209 Ariz. 362, 102 P.3d 981 (App.2004) (jury verdict of arson of occupied structure included implicit finding of dangerousness).
[9] Not even the dissenting justices harbored doubt on this point. The jury must decide "every fact" relevant to the determination of sentence...." Apprendi, 530 U.S. at 547-51, 120 S.Ct. 2348 (O'Connor, J., dissenting). "[T]he rationale that underlies the Court's rule suggests a principle-jury determination of all sentencing-related facts...." Id. at 565, 120 S.Ct. 2348 (emphasis added). "[F]acts that historically have been taken into account by sentencing judges ... all must now be charged in an indictment and submitted to a jury...." Blakely, 124 S.Ct. at 2546 (O'Connor, J., dissenting) (emphasis added). "[A] jury must find ... all (punishment-increasing) facts...." Id. at 2551 (Breyer, J., dissenting) (emphasis added).
[10] Although the State may be able to choose which aggravating circumstances it will attempt to prove, it cannot, having made that decision, choose which among them will be presented to the jury and which to the judge. Nor should vindication of the right be left to chance or to the prosecutor's inventiveness, or subject to an attempt to remedy prosecutorial sloppiness. If, for example, the State alleged an aggravating circumstance but forgot to introduce supporting evidence at the jury trial, would the State then have a second chance to prove the factor to a judge so long as one factor had been presented and proved to the jury? Can the State circumvent the defendant's right to a jury trial beyond reasonable doubt by choosing a single factor? For example, the prosecutor might present for jury determination by a reasonable doubt a sole aggravating factor that is strongly supported by the evidence but only weakly aggravating; i.e., it might either be insufficient standing alone to justify an aggravated sentence in the face of mitigating factors, or be enough to increase the length of sentence only slightly beyond the presumptive. Could the prosecutor then present to a judge other factors which argue more strongly for increased punishment but are supported by less persuasive evidence? Such an approach would subject the defendant's constitutional right to the mercy of the State.
[11] The language of Martinez itself illustrates the difference: A single aggravating factor makes defendant "eligible" for an aggravated sentence, and a single factor affects the "sentencing range." 209 Ariz. at 284, ¶ 16, 100 P.3d at 34. The task we face in a challenge of a particular sentence, however, is not to imagine that the sentencing judge might have arrived at some aggravated sentence based on a single factor, but whether the judge would have exercised his or her discretion to impose the very same punishment even though deprived of reliance on one or more aggravating factors.
[12] The physician's testimony on which the court relied indicated that the injury was inflicted by a sawing movement that was forceful but brief in duration. The victim also described a sawing motion but not of great duration. The record thus reflects the basic mechanics of the infliction of injury, but does not show beyond reasonable doubt that the manner was extraordinarily cruel or depraved. See Tucker, 205 Ariz. at 168-69, ¶¶ 60-64, 68 P.3d at 121-22 (discussing whether evidence showed cruelty and depravity beyond a reasonable doubt in harmless error analysis of judge-made findings of aggravating circumstances). See also Burdick, ___ Ariz. at ___, ¶ 16, 104 P.3d at 187, ¶ 16, 2005 WL 78325 at *4 (no harmless error if factor is subjective and could have been viewed differently by a jury).
[13] The sentencing court's reliance on the extraordinary harm to the victim as the other aggravating factor did not violate this rule. The court did not find merely that the victim suffered a serious physical injury, but that he suffered from additional, extraordinary harm. "The physical, emotional and financial harm caused to the victim" is treated as a separate factor from the infliction of serious physical injury under the sentencing statute. A.R.S. § 13-702(C)(9). Moreover, we have held that "[w]here the degree of the defendant's misconduct rises to a level beyond that which is merely necessary to establish an element of the underlying crime, the trial court may consider such conduct as an aggravating factor." Germain, 150 Ariz. at 290, 723 P.2d at 108. Thus, in relying on the pain, suffering, loss of use of a limb and similar facts, the sentencing judge did not improperly "double-count" the serious physical injury. In fact, the judge specifically cited § 13-702(C)(9) in his consideration of the sentencing factors.
[14] The sentencing judge explicitly found that each of the aggravating factors alone would outweigh the mitigating factors, but that establishes only that the judge would not have imposed a mitigated sentence, not that the sentence would be aggravated or aggravated to the same extent if only one of the aggravating circumstances were present. See A.R.S. § 13-702(D)(5). In other words, that statement does not inform us that the same sentence would have been imposed with fewer aggravating circumstances.